# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY HAYDEL, JR, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1209** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before this Court is Plaintiffs Gregory Haydel, Jr. and Scotti Haydel's (collectively, "Plaintiffs") Motion to Remand.[1] 28 U.S.C. Section 1446(c)(1) provides that a case may not be removed more than one year after the filing of the original action "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiffs argue that this case should be remanded to state court because the original action was filed on January 13, 2023, and the Defendant Ocean Harbor Casualty Insurance ("Defendant") removed the case on May 10, 2024, over a year after the action was filed.[2] Defendant argues that the case should remain in this Court because Plaintiffs engaged in bad faith by failing to disclose Plaintiffs' Public Adjustor's Report ("Report"), which valued their claim for damages to the property at $171,795.12.[3] For the reasons discussed in more detail below, Defendant has shown that Plaintiffs acted in bad faith by deliberately failing to disclose the actual amount in controversy in order to prevent removal. Therefore, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 6.

[2] *See* Rec. Doc. 6-1 at 1-2.

[3] *See* Rec. Doc. 7 at 1-2.

1

## I. Background

This litigation arises out of alleged damage to Plaintiffs' property during Hurricane Ida.[4] Plaintiffs filed a petition for damages against Defendant (the "Petition") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on January 12, 2023.[5] According to the Petition, Plaintiffs purchased an insurance policy (the "Policy") from Defendant insuring the property located at 5049 Shell Road, Laffite, Louisiana 70067 (the "Property").[6] In the Petition, Plaintiffs aver that, on August 29, 2021, the Property suffered wind and rain damage as a result of Hurricane Ida.[7] According to the Petition, Plaintiffs submitted a proof of loss to Defendant, but Defendant arbitrarily and capriciously denied the claim.[8] Plaintiffs allege that they are owed "all benefits due and owing under the Policy."[9] Plaintiffs bring claims against Defendant for breach of contract and bad faith insurance adjusting under Louisiana Revised Statute Sections 22:1892 and 22:1973.[10]

On March 16, 2023, Defendant removed the action to this Court for the first time, asserting subject matter jurisdiction under the diversity statute, 28 U.S.C. Section 1332.[11] In the first Notice of Removal, Defendant averred that the parties are completely diverse because Plaintiffs are citizens of Louisiana and Defendant is a corporation organized under the laws of Florida with its

---

[4] *See* Rec. Doc. 1-1 at 1.

[5] *Id.*

[6] *Id*.

[7] *Id*.

[8] *Id.*

[9] *Id*. at 2.

[10] *Id*.

[11] Case No. 23-954, Rec. Doc. 1.

principal place of business in Florida.[12] Furthermore, the Notice of Removal stated that it is facially apparent that the amount in controversy exceeds $75,000, but the Notice of Removal provided no evidence of the value of the claim.[13] Defendant asserted that it sent Plaintiffs' counsel a stipulation that the amount in controversy does not exceed $75,000, but Plaintiffs' counsel did not return the stipulation.[14] On May 18, 2023, the Court granted Plaintiffs' motion to remand the case on the grounds that Defendant had not met its burden of establishing that the amount in controversy requirement was satisfied.[15]

On May 10, 2024, almost a year after the first remand and over a year after the action was originally filed in state court, Defendant filed its second Notice of Removal.[16] Defendant claims that on April 15, 2024, Plaintiffs produced their initial disclosures and for the first time provided Defendant with the Report, which assessed damages to the Property at greater than $75,000.[17] Defendant claims the case was properly removed, despite the one-year limitation on removal under 28 U.S.C. Section 1441(c)(1), because Plaintiffs acted in bad faith to prevent removal.[18] Thus, Defendant argues that the bad faith exception to the one-year limitation on removal should apply.[19]

---

[12] *Id*. at 2.

[13] *See id*. at 3–4.

[14] *Id*.

[15] *Haydel v. Ocean Harbor Cas. Ins. Co.,* No. 23-954, 2023 WL 3552231, at *4 (E.D. La. May 18, 2023).

[16] Rec. Doc. 1.

[17] *Id.* at 5.

[18] *Id.* at 6.

[19] *Id.* at 6–8.

On June 10, 2024, Plaintiffs filed the instant motion to remand.[20] On June 17, 2024, Defendant filed an opposition to the motion.[21] On June 21, 2024, Plaintiffs filed a reply brief.[22] On June 25, 2024, Defendant filed a sur-reply,[23] and on June 26, 2024, Plaintiffs filed a sur-sur-reply.[24]

## II. Parties' Arguments

### A.   *Plaintiffs' Arguments in Support of Remand*

Plaintiffs submit that the second removal was untimely because they filed a Petition for Damages in state court on January 13, 2023, and Defendant removed the case to federal court on May 10, 2024, over a year after the action was filed.[25] Plaintiffs claim they "have not and did not" act in bad faith because Plaintiffs' delayed production of the Report was "pure oversight… and certainly not done in bad faith or for any illicit purpose."[26] Plaintiffs claim that oversight or neglect cannot be counted as grounds for a finding of bad faith.[27] Plaintiffs further allege that Defendant could have submitted a request for admission as to the claimed damages at any time during the

---

[20] Rec. Doc. 6.

[21] Rec. Doc. 7.

[22] Rec. Doc. 10.

[23] Rec. Doc. 14.

[24] Rec. Doc. 18.

[25] Rec. Doc 6-1 at 3.

[26] *Id.* at 4.

[27] *Id.* at 5.

year after the original action was filed, but instead took no action.[28] Thus, Plaintiffs argue that the case should be remanded to state court.[29]

**B.      *Defendant's Arguments in Opposition***

Defendant argues bad faith may be inferred from behavior that suggests manipulation where no explanation is offered or the one given is pretextual.[30] Defendant argues the Report should have been produced by Plaintiffs when Plaintiffs filed their first Motion to Remand.[31] In the first Motion to Remand, Plaintiffs claimed Defendant had failed to prove the amount in controversy exceeds $75,000.[32] Defendant argues that this was in bad faith because Plaintiffs possessed the Report when they filed the first Motion to Remand.[33] Defendant further argues that Plaintiffs' claim that Defendant was unresponsive and lacked diligence in the litigation is unfounded considering the case was regulated by a Case Management Order put in place by the 24th Judicial District Court for the Parish of Jefferson (the "state court CMO") in response to Hurricane Ida.[34] Based on the state court CMO, Defendant argues, the onus was on Plaintiffs to timely produce supporting documents for their claim, it was not Defendant's role to ask for supporting documents.[35] Thus, Defendant asserts that removal was proper considering Plaintiffs'

---

[28] *Id.* at 6.

[29] *Id.*

[30] Rec. Doc. 7 at 3.

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.* at 3–4.

[34] *Id.* at 5–6.

[35] *Id.* at 6.

bad faith in withholding the Report prevented removal within a year of when the original cause of action was filed.[36]

**C.      *Plaintiffs' Arguments in Further Support of the Motion to Remand***

In reply, Plaintiffs maintain that their failure to exchange the Report was not in bad faith, but rather a matter of oversight.[37] Plaintiffs argue they were required to turn over the Report with their initial disclosures.[38] Plaintiffs assert that both parties were late, but not deliberately so, in completing their initial disclosures.[39]

**D.      *Defendant's Arguments in Further Opposition to Plaintiffs' Motion to Remand***

In their sur-reply, Defendant accuses Plaintiffs of submitting new arguments in their reply memorandum.[40] Defendant refutes Plaintiffs' claim that both parties delayed in serving their initial disclosures.[41] Defendant claims it served initial disclosures on Plaintiffs on November 17, 2023 and Plaintiffs did not provide their initial disclosures until April 15, 2024.[42]

**E.      *Plaintiffs' Arguments in Further Support of the Motion to Remand***

In the sur-sur-reply, Plaintiffs assert they did not receive Defendant's initial disclosures in November 2023.[43] Plaintiffs contend the receipt or non-receipt of Defendant's initial disclosures

---

[36] *Id.*

[37] Rec. Doc. 10 at 2.

[38] *Id.*

[39] *Id.*

[40] Rec. Doc. 14 at 2.

[41] *Id.*

[42] *Id.* at 1–2 .

[43] Rec. Doc. 18 at 1.

"establishes nothing in its burden of proving that undersigned purposefully, intentionally, and in bad faith attempted to manipulate the removal statute."[44]

### III. Legal Standard

Under 28 U.S.C. Section 1441, civil actions are removable based on diversity jurisdiction. Federal courts have diversity jurisdiction over a case if the parties are citizens of different states and the matter in controversy exceeds $75,000.[45] However, under 28 U.S.C. Section 1446(c)(1), removal is improper if filed "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Before Congress added the "bad faith" language in a 2011 amendment to Section 1446, courts in the Fifth Circuit applied the *Tedford v. Warner-Lambert Co.* "equitable exception" test to the one-year limit on removal.[46] However, in *Hoyt v. Lane Construction Co.*, the Fifth Circuit held that Section 1446(c)(1)'s text is clear—the "bad faith" exception is the proper standard when considering if the one-year limit on removal should be enforced in a given context.[47] Defendant carries the burden of showing that plaintiffs acted in bad faith.[48]

When it comes to bad faith, the question is "what motivated the plaintiff in the past—that is, whether the plaintiff's litigation conduct meant to prevent a defendant from removing the action."[49] Specifically, in the context of amount in controversy, bad faith can be shown when a

---

[44] *Id.*

[45] *See* 28 U.S.C. 1332(a).

[46] *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 424 (5th Cir. 2003).

[47] *Hoyt v. Lane Constr. Corp.,* 927 F.3d 287, 294 (5th Cir. 2019), *as revised* (Aug. 23, 2019).

[48] *See, e.g., Rantz v. Shield Coat, Inc.,* No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).

[49] *Hoyt,* 927 F.3d 287, 293 (internal quotation marks omitted).

"district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy" in order to prevent removal.[50] Other judges in this District have found that the bad faith inquiry should focus on whether plaintiffs attempted to manipulate the statutory rules in order to prevent a defendant from exercising the right to remove.[51]

## IV. Analysis

In this case, Defendant has shown that Plaintiffs deliberately failed to disclose the actual amount in controversy in order to prevent removal. It is clear from the Report itself that it was "received" on February 1, 2022 and "entered" on April 6, 2022, the year before the original action was filed in January 2023.[52] In the motion to remand, Plaintiffs admitted the Report was obtained over a year before any removal issue even existed.[53] Therefore, before the original action was even filed, Plaintiffs were in possession of the Report that showed estimated damages to the property at well over $75,000.

After the original action was filed, Defendant requested for Plaintiff to stipulate that damages were under $75,000.[54] Plaintiff ignored the request and did not otherwise respond despite possessing the Report.[55]

Defendant then filed its first Notice of Removal on March 16, 2023. Again, despite possessing the Report, Plaintiffs argued that Defendant had failed to prove the value of damages

---

[50] 28 U.S.C. 1446(c)(3)(B). While the Statute states a finding of this circumstance to constitute bad faith, the Statute does not state this circumstance is the only situation in which bad faith can be found.

[51] *Rantz,* No. 17-3338, 2017 WL 3188415, at *5 (collecting cases).

[52] Rec. Doc. 1-4 at 1.

[53] Rec. Doc. 6-1 at 5.

[54] *See* Rec. Doc 7 at 2.

[55] *Id.*

exceeded $75,000.[56] Thus, not only did Plaintiffs let pass another opportunity to produce the Report, but Plaintiffs actively argued for remand based on an alleged lack of evidence regarding the amount in controversy when Plaintiffs were in possession of evidence showing the amount in controversy requirement was satisfied.[57]

Further, on May 15, 2023, Defendant requested an informal settlement conference that included a request to provide an updated demand letter and "any additional supporting documents."[58] Plaintiffs, again, did not send a copy of the Report in response to this request. Plaintiffs had multiple opportunities to turn over the Report but failed each time.

Additionally, this litigation was subject to the state court CMO.[59] The state court CMO was created, in part, to encourage efficiency in the exchange of important information and documents "early in the case."[60] As part of the state court CMO's instructions, the insured's initial discovery responses "must be provided within 45 days after the insurer has submitted" their first responsive filing in court.[61] The insured's initial discovery responses are required to "[i]dentify

---

[56] *Id.* at 3-4.

[57] Neither party disputes that diversity of citizenship exists, so the amount in controversy is the factor removal turns on.

[58] Rec. Doc. 7-1.

[59] Rec. Doc. 1-10 at 2.

[60] *Id.* at 3.

[61] *Id.* at 6. This Court's CMO includes a similar requirement: "The disclosures and exchange of information required by the Disaster Protocols shall be due 45 days from the date that the last-responding defendant files responsive pleadings (or if falling on a later date, 45 days from an Order denying a timely motion to remand)." Rec. Doc. 5 at 3. If there has been an appraisal under the Policy, this Court's CMO also required production of "documents relating to the appraisal process." Rec. Doc. 5 at 19.

the public or other adjusters, estimators, inspectors, contractors, engineers, or other persons engaged by or on behalf of the insured relating to the Claimed Loss."[62]

In this case, Defendant removed the case for the first time on March 16, 2023.[63] Defendant then filed an Answer on the same day, March 16, 2023, in federal court.[64] The case was remanded to state court on May 23, 2023.[65] Plaintiffs did not produce the Report until nearly a year later, on April 15, 2024, far past the 45 day window created by the state court CMO.[66] Under these circumstances, adopting Plaintiffs' argument that the failure to disclose was merely an oversight would render the bad faith exception meaningless as Plaintiffs had an obligation to produce the Report. This Court finds that Plaintiffs' disregard of the CMO's instructions coupled with numerous opportunities for disclosure of the Report support a finding that Plaintiffs' actions were deliberate in preventing Defendant from removing the case successfully, not just an oversight. This Court holds that Plaintiffs deliberately failed to disclose the actual amount in controversy in order to prevent removal, which is deemed bad faith under 28 U.S.C. Section 1446(c)(3)(B).

In support of their position, Plaintiffs argues that Defendant did not file anything in the case for over a year, did not try to compel disclosure of relevant documents, and did not request for the case to be placed on the state court CMO. For these reasons, Plaintiffs claim their actions should not be considered bad faith.[67] The fact Defendant did not file anything in the case for a year

---

[62] Rec. Doc. 1-10 at 7.

[63] Case No. 23-954, Rec. Doc. 1.

[64] Case No. 23-954, Rec. Doc. 2.

[65] Case No. 23-954, Rec. Doc. 8.

[66] Rec. Doc. 1 at 5 n.7.

[67] Rec. Doc. 6-1 at 6.

or did not try to compel documents are not a convincing reason to decline to hold Plaintiffs' actions were in bad faith. As Defendant points out, the case was regulated by the state court CMO, which applies to all cases related to Hurricane Ida insurance disputes.[68] Defendant reasonably expected Plaintiffs to follow the requirements set out in the state court CMO, which made mandatory the production of the Report.[69]

Plaintiffs further cite *Boney v. Lowe's Home Centers* and *Miller v. Target Corporation of Minnesota*, both cases holding, generally, that a defendant failing to compel disclosure of documents and a plaintiff being noncommittal on estimated damages does not amount to bad faith.[70] But unlike in *Boney* and *Miller*, the state court CMO required that Plaintiffs produce the Report. Based on the totality of the circumstances presented here, Plaintiffs repeated failure to disclose the Report was in bad faith.

## V. Conclusion

Ultimately, Defendant has shown that Plaintiffs acted in bad faith by deliberately failing to disclose the actual amount in controversy in order to prevent removal. Specifically, Plaintiffs possessed the Report before the original action was filed but failing to produce that report when given multiple opportunities and when production was required by the state court CMO. Defendant did not need to attempt to compel production of the Report for a finding of bad faith because Plaintiffs were required to disclosure the Report under the state court CMO.

Accordingly,

---

[68] Rec Doc. 7 at 6.

[69] Rec. Doc. 1-10 at 2.

[70] Rec. Doc. 6-1 at 6 (quoting *Boney v. Lowe's Home Ctrs.,* 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019)); *id.* at 7 (quoting *Miller v. Target Corp. of Minnesota,* No. 20-2508, 2021 WL 1311267 (E.D. La. Apr. 8, 2021)).

**IT IS HEREBY ORDERED** that Plaintiffs Gregory Haydel, Jr. and Scotti Haydel's Motion to Remand[71] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this <u>16th</u> day of July, 2024.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[71] Rec. Doc. 6.